### ZUMPFE v. KELLEY ET AL.

[No. 18,495.    Filed June 9, 1898.]

PLEADING.—*Cross-Complaint.*—*Foreclosure of Chattel Mortgage.*— A cross-complaint, in an action to foreclose a chattel mortgage, claiming the property under a prior mortgage, which does not allege that the property described in the cross-complaint is the same as that described in plaintiff's mortgage, is insufficient.

From the Wayne Circuit Court.    *Reversed.*

*Chas. E. Averill,* for appellant.

*Samuel C. Whitesell,* for appellees.

HOWARD, J.—This was an action by appellant for the collection of the amount due on certain promissory notes given by the appellee Michael Kelly, and to foreclose a chattel mortgage given by him to secure said notes.

To appellant's complaint, the appellee Jung Brewing Company filed several paragraphs of answer and cross-complaint.    The fourth of those paragraphs was in the nature of a cross-complaint, and to this the court overruled a demurrer.    In this paragraph the appellee brewing company set up a chattel mortgage given by the appellee John Kelly to the appellee Caldwell upon certain property therein described. It is alleged that this property was afterwards transferred by John Kelly to Michael Kelly, subject to said mortgage, that subsequently Caldwell assigned said mortgage to the brewing company, and that Michael Kelly, being unable to comply with the terms of the mortgage, transferred and delivered the mortgaged

Zumpfe *v.* Kelley *et al.*

property to the company. The prayer is that the title of the brewing company to the property described in this mortgage be quieted. The court found for the appellant on his promissory notes, and for the brewing company on the mortgage set up in its paragraph of cross-complaint.

We think it was error to overrule the demurrer to the paragraph of cross-complaint. It nowhere appears in this pleading that the property there described is the same as that described in appellant's mortgage. Indeed, it does appear that the property covered by the company's mortgage is located at No. 35 North Eighth street, in the city of Richmond, while that covered by the appellant's mortgage is located at No. 39 North Eighth street, in said city. In the absence of any allegation in the paragraph of cross-complaint to show that the property there described is the same as that mentioned in appellant's complaint, no reason appears why the demurrer should not have been sustained, or even why the paragraph should not have been stricken out on motion. The paragraph of so-called cross-complaint bore no relation whatever to the complaint, and, even if all its allegations were true, it could not constitute any answer or counterclaim to appellant's cause of action.

A like infirmity is shown in appellee's evidence, and it does not there appear that the property covered by the mortgage set up in the cross-complaint is the same as that set up in the complaint. Indeed, the question being directly asked of counsel for the company, while he was on the witness stand, whether the property covered by the company's mortgage was the same as that covered by appellant's mortgage, he replied: "I don't know, I can't tell you." It may be that the property is the same, but the record does not show it. In truth, the record exhibits a state of con-

fusion that can be remedied only by returning the case to the trial court. The judgment is reversed, with instructions to sustain the demurrer to paragraph marked four of answer and cross-complaint, and with leave to amend all pleadings or to file new pleadings.